UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 03-16-DCR
CIVIL NO. 07-294-DCR

UNITED STATES OF AMERICA                                                         PLAINTIFF

VS:                                        RECOMMENDED DISPOSITION

SHARON STEELY                                                                     DEFENDANT

\* \* \* \* \*

The Court considers a *pro se*[1] § 2255 motion filed by Defendant Sharon Steely. *See* DE #86. Steely pled guilty to conspiracy to possess with intent to distribute over 50 grams of a mixture or substance containing methamphetamine (21 U.S.C. §841/§ 846); conspiracy to manufacture over 50 grams of a mixture or substance containing meth (§ 841/§ 846); possession with intent to distribute over 50 grams of meth (21 U.S.C. § 841(a)(1)); and possession of a firearm while under indictment for a felony (18 U.S.C. § 922(n)). *See* DE #77 Judgment. The District Court imposed a 140 month sentence to be served concurrently with undischarged terms of imprisonment on related state charges received in Fayette and Whitley Circuit Courts. *See id.* Based on U.S.S.G. § 5G1.3(b), Steely argues that the District Court meant to or should have also adjusted her federal sentence to reflect time served in state custody prior to federal sentencing.

---

[1] *Pro se* petitions receive a comparatively lenient construction by the Court. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (holding that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

The Court does not consider or evaluate the merits on this record, but recommends that the District Court DENY Steely's § 2255 motion as time-barred and defaulted.

## I. Procedural Background

The District Court entered judgment in this case on December 22, 2003. *See* DE #77 (Judgment). Steely did not appeal her sentence or conviction. Instead, the next matter appearing in the record was a written communication from Steely received by the Court on February 20, 2007. *See* DE #83. The communication, dated February 12, requested relief under § 5G1.3(b). *See id*. The Clerk docketed the correspondence as a § 2241 petition. *See* DE #83. Based on venue rules applicable to habeas claims under that statute, District Judge Reeves transferred the matter to the Northern District of West Virginia, Petitioner's district of incarceration. *See Steely v. SFF Hazelton*, No. 07-61 (E.D. Ky. Mar. 20, 2007)(order transferring action). The action has since been dismissed without prejudice for failure to prosecute and pay the $5.00 filing fee. *See Steely v. SFF Hazelton*, No. 07-43 (N.D. W.Va. January 22, 2008).

In August 2007, the Court received a § 2255 motion from Steely. *See* DE #84. The Court rejected the motion initially because Steely did not use a proper § 2255 form and failed to verify the application. *See* DE #85. A month later, Steely refiled a properly completed and verified § 2255 application. *See* DE #86. The issue again involved § 5G1.3(b), although Steely's latest motion substantially clarified her argument. *See id*. The substantive claim is that § 5G1.3 mandated an adjustment of Steely's federal sentence to reflect her time in state custody, pre-federal sentencing, on charges deemed "relevant conduct" for purposes of computation of the applicable federal sentence. Judge Reeves did find that state convictions in Whitley County and Fayette County constituted relevant conduct. *See* DE #57 Sentencing Transcript at 28. He did not discuss the issue

of adjustment for prior service but did order that the undischarged terms run concurrently. *See id.* at 32; DE #77 Judgment.

The Court ordered the United States to respond to Steely's § 2255 filing, *see* DE #87, directing the Government to address and discuss the following matters specifically:

> a) whether the pending matter should be processed as a § 2255 motion or as a second § 2241 motion;
>
> b) the effect, if any, of Steely's delay in filing the § 2255 motion, relative to the AEDPA statute of limitations; and
>
> c) the effect, if any, of Steely's failure to raise the § 5G1.3 issue by direct appeal.

*See id*. at 3.

Based on *Garrett v. Synder*, 41 F.App'x 756, 757-58 (6th Cir. 2002), the United States asserted that the Court should process the matter under § 2255 because the § 5G1.3 claim challenges the length of Steely's sentence – not its execution. Review under § 2241 would be appropriate only if Steely established that her "remedy under § 2255 is inadequate or ineffective." *See Garrett*, 41 F.App'x at 758. The United States remarked that § 2255 is not an "inadequate or ineffective" remedy merely because the applicable AEDPA limitation period has expired. Furthermore, the United States commented that "Steely's failure to appeal presents a serious obstacle to consideration of her motion under § 2255." Even if a full review under § 2255 or § 2241 were appropriate, the United States argued that Steely is not entitled to a sentencing adjustment. The Government thus advocated that Steely's § 5G1.3 claim is untimely, defaulted, and fails on the merits.

The Court afforded Steely an opportunity to reply, but Steely provided no responsive submission. For the reasons that follow, the Court finds that Steely's § 2255 motion is untimely. The Court also finds that Steely defaulted any § 5G1.3 claim.

## II. Analysis

The Court does find that Steely's petition must proceed under the standards of § 2255. Her challenge plainly attacks the sentence as imposed by the District Court, not the execution of that sentence, thus placing the subject matter within § 2255 instead of § 2241. *See, e.g., Garrett*, 41 F. App'x at 758 (treating § 5G1.3 claim as within § 2255); *Gravitt v. Veach*, 229 F. App'x 417, 418 (7th Cir. 2007)(rejecting attempt to use § 2241 to address alleged misapplication of § 5G1.3 at sentencing). Steely sought application of § 2255, *see* DE #86-2 at 2, and she obviously makes no attempt to show that the statute would not be adequate or effective, under § 2241's savings clause. *See, e.g., Gravitt*, 229 F. App'x at 418 (noting that savings clause extends reach of § 2241 under "narrow exception" where "the Supreme Court interprets a statute in a way that the prisoner is actually innocent of the crime for which he was convicted[.]"); *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)(rejecting argument that AEDPA bar to § 2255 signals § 2241 availability under savings clause).

### A. Timeliness

Under the AEDPA, § 2255 motions are subject to a one-year limitation period, which runs from the latest of:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

Steely evidently angles toward § 2255(f)(4). The standard § 2255 application form contains a specific section addressing timeliness. In her application, Steely indicates that she timely filed a § 2255 motion after she "discovered with due diligence" that a sentence adjustment under § 5G1.3(b) would require action by the District Court. Steely previously pursued an administrative remedy through the Bureau of Prisons. The BOP rejected Steely's request in May 2007. In July, Steely's administrative appeal failed. Steely filed her first § 2255 motion in August. The Court received a properly completed and verified § 2255 application in September 2007.

Steely's argument misses the mark. The District Court sentenced Steely and entered judgment on December 22, 2003, but the earliest that Steely requested a sentence adjustment under § 5G1.3(b) was February 2007. *See* DE #83. The sentence adjustment claim could have been pursued during the sentencing or direct appeal process or by proper collateral review. Steely does not explain why more than three years passed before she first asserted the § 5G1.3(b) claim. Steely filed a § 2255 motion shortly after the administrative remedy process failed, but that does not show that Steely diligently "discovered" the claim, as contemplated by § 2254(f)(4). The Judgment, it must be noted, did not adjust Steely's sentence for prior state time, arguably giving her notice of the issue then.

In the Court's assessment, the applicable provision is § 2255(f)(1). Under § 2255(f)(1), "the date on which the judgment of conviction becomes final" triggers the AEDPA one-year limitation period. Because Steely did not appeal, the Sixth Circuit indicates that Steely's conviction would

have become "final tens days after the entry of judgment." *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Here, the District Court entered judgment on December 22, 2003. *See* DE #77 (Judgment). Finality thus would have occurred on January 6, 2004.[2] Per Rule 6(a), the AEDPA limitation period would have started the next day and ended, absent tolling, one year later on January 7, 2005. Steely filed the pending § 2255 motion in September 2007. The Court received an improperly completed § 2255 application in August. Based on the mailing date for either application,[3] Steely's § 2255 motion would have been overdue by more than two and half years.

Because the AEDPA statute of limitation is not jurisdictional, the one-year limitation period is subject to equitable tolling. *See, e.g., Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The doctrine, however, applies "sparingly," and the burden is on Steely to justify equitable tolling. *See id.*, at 1008-10; *see also Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). In evaluating whether to toll the AEDPA limitation period, the Supreme Court recently stated:

> Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.

*See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). The Sixth Circuit considers five factors: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence; 4) absence of prejudice to the respondent; and 5)

---

[2] Per Federal Rule of Appellate Procedure 26(a), the ten-day calculation must exclude intervening weekends and holidays.

[3] Under federal law, the relevant filing date for court documents submitted by prisoners is the mailing date. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *see also Houston v. Lack*, 108 S.Ct. 2379, 2382 (1988); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

the petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *See Dunlap*, 250 F.3d at 1008-09.

Steely's § 2255 application did not discuss or address equitable tolling. In addition, Steely did not file a reply brief. On this record the Court finds no indication that tolling would be appropriate. Steely does not mention that she was unaware of the one-year limitation period and does not indicate that any "extraordinary circumstance" prevented her from complying with the statute of limitations. Furthermore, the record does not establish that Steely was diligent. Instead, February 2007 was the earliest that Steely sought judicial relief under § 5G1.3(b) – which was over three years after Steely's conviction became final and more than two years after the AEDPA limitation period would have expired.[4] The Court thus finds that Steely's § 2255 motion is untimely.

## B. Default

Because Steely did not appeal, the Court also finds that Steely defaulted her § 5G1.3 claim. To assert a claim not properly raised on direct review, Steely must establish "cause" for the default and "prejudice," or show that she is "actually innocent." *See Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998). Here, Steely did not file a reply brief addressing the default or establishing either exception – even though the Court previously noted the default when it ordered the Government to respond, and even though the United States expressly argued that "Steely's failure to appeal presents a serious obstacle to consideration of her motion under § 2255." The claim thus

---

[4] Steely did seek administrative review, but the BOP plainly would not give Steely (or any defendant) credit for prior discharged time on a state sentence. *See* 18 U.S.C. § 3583(b)(foreclosing federal credit for time credited to another sentence).

has been defaulted by Steely, and she does not excuse that status.[5]

\* \* \*

In sum, the Court recommends that the District Court DENY Steely's § 2255 application as time-barred and defaulted.[6] The Court also recommends that the District Court refuse to certify any

---

[5] As to the merits, the Court does not reach a resolution but does note the following. One problem is that Steely suggests that she should have had an adjusted sentence to reflect *48 months* in state custody for relevant conduct, but the period makes no sense on the record. The state charges cited resulted from convictions in January 2002 and March of 2003. *See* DE #69, Presentence Report ¶¶ 70-71. The District Court sentenced Defendant in December of 2003, imposing a sentence fully concurrent as to Defendant's undischarged state terms. Thus, it is not possible mathematically for Defendant to have served 48 months prior to imposition of the federal sentence.

The Court sentenced Steely under the 2002 version, which does not contain the express language Steely cites from the version of § 5G1.3(b) now in effect. At the time, Application Note 2 suggested that a sentencing court should adjust a federal sentence for prior time served on a state conviction for relevant conduct, and the Sixth Circuit viewed the application note as nondiscretionary. *See, e.g., United States v. Giffin,* 63 F.App'x 798, 801-02 (6th Cir. 2003); *see also* U.S.S.G. app. C. Amend 660 (amending 5§G1.3(b) to provide directly that the "court shall adjust the sentence for any period of imprisonment already served," as formerly advised in note 2, and describing the revision as a "clarifying" amendment). The record, however, shows no effort by the Defendant, or her counsel, to address the issue of prior state custody.

The habeas statute, § 2255, generally does not encompass argument of mere error in guideline application. *See, e.g., Gravitt*, 229 F. App'x at 419 (noting, in § 5G1.3 context, that "claims premised on the sentencing guidelines, absent 'extraordinary circumstances,' can only be raised by direct appeal."); *Hernandez v. United States*, 1994 WL 284123 at *1 (6th Cir. June 24, 1994)("[W]e note that an alleged misapplication of the sentencing guidelines is not cognizable under § 2255 and is reviewable only on direct appeal."); *United States v. Woolridge*, 2007 WL 2265510, at *2 (W.D. La. Aug. 6, 2007)(refusing to evaluate § 5G1.3 claim under § 2255: "§ 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice . . . . Misapplication of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.")(citations omitted). Steely, who did not appeal and chose to forgo any reply to the Government's arguments, presents no basis to establish a miscarriage of justice or extraordinary circumstance, at least on the record to date, and require cognizance of her claim on collateral review.

[6] The response by the United States indicated that Steely's § 2255 motion was both time-barred, defaulted, and fails on the merits. Before a district court may dismiss a § 2255 petition as time-barred or defaulted, the court generally must provide notice and an opportunity to respond. *See Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006); *Oaks v. United States*, 400 F.3d 92, 96-97 (1st Cir.

8

issues for appeal, should Steely request such certification. A certificate of appealability should issue only when "jurists of reason" would find the Court's decision "debatable." *See Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Here, the determination by the Court is not fairly "debatable." *See id*.

### III. Conclusion

For the reasons stated, the Court RECOMMENDS that:

1) the District Court DENY and DISMISS with prejudice Steely's motion for § 2255 relief, *see* DE #86; and

2) the District Court refuse a Certificate of Appealability as to all issues, should Steely request issuance of a COA. *See* 28 U.S.C. § 2253.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. *See also* Fed. R. Crim. P. 59.

This the 11th day of August, 2008.



---

2005). Here, the Court's order directing the United States to respond specifically mentioned both issues. The response by the United States also referenced both issues. Steely elected not to file any reply despite notice of the potential bases for dismissal.