UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 6: 03-16-DCR |
| ) | Civil Action No. 6: 07-294-DCR |
| V. ) | |
| ) | |
| SHARON STEELY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Petitioner. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Sharon Steely's *pro se* motion for a sentence reduction filed pursuant to 28 U.S.C. § 2255. [Record No. 86] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on August 11, 2008. [Record No. 104] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Steely's motion be denied as being time-barred. Steely has failed to file any timely objections to the Magistrate's Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file

-1-

objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

Steely pled guilty to a conspiracy to possess with intent to distribute over 50 grams of a mixture or substance containing methamphetamine, a conspiracy to manufacture over 50 grams of methamphetamine, possession with intent to distribute over 50 grams of methamphetamine, and possession of a firearm while under indictment for a felony. She was sentenced to 140 months of imprisonment, to be served concurrently with undischarged terms of imprisonment on related state charges. Judgment was entered December 22, 2003.

Steely did not appeal her sentence. However, on February 20, 2007, she wrote to the Court requesting relief under § 5G1.3(b) of the United States Sentencing Guidelines. The Clerk of the Court docketed this correspondence as a petition under 28 U.S.C. § 2241. Thereafter, the matter was transferred to the Northern District of West Virginia based on venue rules applicable to her habeas claims. That action was dismissed without prejudice for failure to prosecute.

In August of 2007, Steely filed a motion for relief under 28 U.S.C. § 2255. That motion was re-filed approximately one month later with a properly completed and verified application. Again, Steely asserted that under § 5G1.3, the Court should adjust her sentence to reflect the time spent in state custody prior to her federal sentencing because her state charges were "relevant conduct" for purposes of computing her federal sentence.

After concluding that Steely's motion must be considered under 28 U.S.C. § 2255, the Magistrate Judge examined the timeliness of the current petition and concluded that it is subject to a one-year limitations period. *See* 28 U.S.C. § 2255(f). Further, the Magistrate Judge rejected Steely's assertion that she timely filed her § 2255 motion after discovering that a sentence adjustment under U.S.S.G. § 5G1.3 would require action by the District Court. As correctly noted, Steely fails to explain why more that three years passed before she attempted to obtain a sentence adjustment under § 5G1.3. The Magistrate Judge also concluded that equitable tolling should not be applied under the facts presented. Applying the factors set out in *Pace v. DiGuglielmo,* 125 S.Ct. 1807, 1814 (2005), the Magistrate Judge correctly found that Steely was not diligent in pursing her claim.

Finally, because the claims asserted in Steely's motion are time-barred and defaulted, she has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling her to a Certificate of Appealability. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 104] is **ADOPTED** and **INCORPORATED** by reference.

2. Steely's motion for a reduction of sentence, pursuant to 28 U.S.C. § 2255 [Record No. 86] is **DENIED**.

3. A Certificate of Appealability shall not issue because Steely has not made a substantial showing of the denial of any substantive constitutional right;

4.    This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 29th day of August, 2008.



Signed By:
Danny C. Reeves  DCR
United States District Judge